**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

| | |
|---|---|
| **CHRISTINE PARE** | |
| **Plaintiff,** | |
| v. | Case No.: **3:21-cv-125 (Groh)** |
| | (On removal from the Circuit Court for Berkeley County, West Virginia, Case No. CC-02-2021-C-130) |
| **HOUFF TRANSFER, Inc. and KENNETH POWELL** | |
| **Defendants.** | |

ELECTRONICALLY FILED
Jul 30 2021
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

Defendants Houff Transfer, Inc. ("H-T") and Kenneth Powell ("Powell"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files their Notice of Removal of this action to the United States District Court for the Northern District of West Virginia. As addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and it is plain from the face the Complaint that the plaintiff, Christine Pare ("Plaintiff"), seeks judgment in excess of $75,000, exclusive of interest and costs, for her claimed personal injuries. In further support of this Removal, Defendants state as follows:

### INTRODUCTION

1.  Plaintiff initiated the instant action for personal injury by filing a complaint in the Circuit Court for Berkeley County, West Virginia seeking $250,000 dollars in damages as a result

of the alleged negligence of Powell. The state court action was assigned case number CC-02-2021-C-130.

2.  Plaintiff alleges she was injured after she was rear-ended by a truck driven by Powell while traveling on Interstate 81 in West Virginia on June 6, 2019. (Compl. ¶¶ 7-13.) Plaintiff alleges that Powell failed to maintain a safe distance behind her vehicle, which resulted in the collision. (*Id.* ¶ 13.)

3.  At the time of the collision, Plaintiff alleges that Powell was driving a tractor trailer owned by H-T as an agent, servant, and/or employee of H-T. (*Id.* ¶ 14.) Plaintiff alleges that H-T is liable under the doctrine of respondeat superior. (*Id.* ¶ 22.)

4.  As a result, Plaintiff seeks $250,000 in damages exclusive of costs of suit. (*Id.* at WHEREFORE paragraph.) Defendants deny these allegations.

## GROUNDS FOR REMOVAL

I.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446.

   A.  <u>Removal is timely and the amount in controversy exceeds $75,000.</u>

5.  Removal is timely pursuant to 28 U.S.C. 1446(b)(2) because it is being made within thirty (30) days of Defendants' receipt of service of the Complaint. Defendants were served the Complaint via certified mail on July 12, 2021.

6.  The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also*, 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

7.  The Complaint states that "Plaintiff Christine Pare demands judgment against Defendants in an amount to be determined at trial but believed to be in excess of $250,000, plus costs of this suit, and such other and further relief as this Court deems just and proper." Accordingly, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. §1332(a).

B.  <u>There is complete diversity among the parties</u>.

8.  Plaintiff was a resident, citizen and domicile of the State of Massachusetts at all times relevant hereto, including at the time of filing of her Complaint in state court. (Compl. ¶ 1.)

9.  At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Powell was a resident, citizen and domicile of the state of Virginia residing at 4475 Briery Road, Keysville, Virginia 23947. (*See id*. ¶ 3.)

10. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

11. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, H-T was and still is a Virginia corporation with its principal place of business at 46 Houff Rd., Weyers Cave, Virginia, 24486, and, thus, at all relevant times hereto, was a citizen of the Commonwealth of Virginia for purposes of determining diversity. (*See* Compl. ¶ 2.)

12. Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the current parties, and removal is proper under 28 U.S.C. §§ 1332 and 1441(b).

C. <u>Venue and other requirements are satisfied.</u>

13. This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embraces the Circuit Court for Berkeley, West Virginia, the forum in which the removed action was pending. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

14. Neither Powell nor H-T are citizens of the state of West Virginia, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

15. The undersigned hereby certifies that all defendants who have been properly joined and served join in and consent to the removal of this action.

16. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon Defendants in the original state court action as of this date are attached hereto as **Exhibit A – Exhibit E**.

17. Pursuant to 28 U.S.C. § 1446(d), Defendants filed a written notice of removal with the Clerk of the Circuit Court for the Berkeley County, West Virginia, where this action was pending, a copy (without exhibits) of which is attached hereto as "**Exhibit F**". A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

18. By filing this Notice of Removal, Defendants do not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

19. If any question arises regarding the propriety of the removal of this action, Defendants request the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, Defendants respectfully remove this action to the United States District Northern District of West Virginia, Martinsburg Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

HOUFF TRANSFER, INC.
AND KENNETH POWELL


By: */s/ Curtis G. Power, III*
        Of Counsel


Curtis G. Power, III (WVB No. 2962)
Kay Casto & Chaney PLLC
400 Foxcroft Avenue, Suite 100
Martinsburg, WV 25401
Telephone: 304-901-7501
Facsimile: (304) 901-4911
Email: cpower@kaycasto.com

C. Stephen Setliff (pro hac vice forthcoming)
Eli Jason S. Mackey (pro hac vice forthcoming)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone: (804) 377-1260
Facsimile: (804) 377-1280
Email: ssetliff@setlifflaw.com
        jmackey@setlifflaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July, 2021, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF filing system and e-mailed and mailed, postage prepaid, to:

>Matthew A. Nace (WV Bar No. 13072)
>Paulson & Nace, PLLC
>1025 Thomas Jefferson Street, NW
>Suite 810
>Washington, DC 20007
>(202) 463-1999
>(202) 223-6824
>man@paulsonandnace.com
>Counsel for Plaintiff

>/s/ Curtis G. Power, III
>Curtis G. Power, III